IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| S. MARK KLECKA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-233 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## **COMPLAINT**

Plaintiff, S. Mark Klecka, LLC (hereafter "Plaintiff") by and through his undersigned counsel, alleges the following:

### **Nature of Action**

1.      Plaintiffs seek recovery of civil penalties under Internal Revenue Code 26 U.S. Code (hereafter "I.R.C.") § 6694(b) for the tax years 2012 and 2013 that were erroneously assessed and collected.

### **Parties, Jurisdiction and Venue**

2.      The Plaintiff is a duly-established limited liability company whose address is 12777 Jones Road, Suite 455, Houston, Texas  77070-4950.  The Taxpayer Identification Number of the Plaintiff is [redacted].

3.      The Defendant is the United States of America.

4.      This action is brought under 28 U.S.C. § 1346 and 26 U.S.C. §§ 6694(c)(2) and 7422.

5.     Under 28 U.S.C. § 1402(a), the proper venue for this action lies in the Southern District of Texas, Houston Division, because the Plaintiff currently resides in the area of Houston, Texas, and was a resident of this area during all times relevant to this proceeding.

## Statement of Relevant Facts

6.     The Plaintiff has been a preparer of tax returns and an entity which represents persons in examinations and investigations of the Internal Revenue Service, an Agency of the United States, for many years, including 2012 and 2013 and subsequent years.

7.     During the years 2012 and 2013, the Plaintiff only prepared federal income tax returns for RLB Construction Ltd., d/b/a Rooftec and its owners, Roger and Cheryl Brogdon (hereafter "the Taxpayers").  These returns were prepared on the basis of information made available to the Plaintiff by the Brogdons and their company and the Plaintiff was never engaged as the company's accountant or bookkeeper at any time.

8.     Those particular returns were selected by the Internal Revenue Service's Examination Function for audit, and during that process, the sole member of Plaintiff, Stephen M. Klecka, represented the Taxpayers in that examination along with other professionals until he concluded that it was necessary for him to resign the engagement due to the creation of a conflict of interest caused by the commencement of an examination of Plaintiff's status as a return preparer for the Taxpayers under I.R.C. § 6694.  Subsequently, the other professionals represented those Taxpayers before the Internal Revenue Service, as well as in cases filed in the United States Tax Court.  The conclusion of those cases took place in October 2018.

9.     As noted above, the Internal Revenue Service initiated an examination of Plaintiff's status as a return preparer for the Taxpayers under I.R.C. § 6694.  The product of this examination was a penalty assessment under I.R.C. § 6694(b)(1)(A) with respect to each of the returns prepared

for them for 2012 and 2013 in the amount of $5,000 (a total of $20,000), pursuant to a letter issued by the IRS Appeals Office in Houston, Texas dated July 2, 2019.

10.     As provided by I.R.C. 6694(c)(1), 15% of the amount assessed each year, or $3,000, was duly paid by the Plaintiff on August 2, 2019, and by transmittal dated August 7, 2019, the Plaintiff duly filed Forms 6118, Claims for Refund of Tax Return Preparer and Promoter Penalties, with respect to each of the tax years at issue, which were received by the Internal Revenue Service in Ogden, Utah on August 13, 2019.   Attached to this Complaint as Exhibits "A" and "B" respectively, are copies of those Claims for Refund, Form 6118, including the Statements in Support of the reasons for the Claims.[1]

11.     By letters dated December 24, 2019, the Internal Revenue Service issued Notices of Claim Disallowance to the Plaintiff with respect to each of these Claims.   Attached as Exhibits "C" and "D" respectively, are true and complete copies those Disallowance letters.

12.     Although the penalty under I.R.C. § 6694(b) can only be applied when there is proof of willful or reckless conduct by a return preparer, the letters rejecting the Claims stated that the Claims were rejected because the Taxpayer failed to submit information that would "establish reasonable cause or show due diligence," neither of which rises to the level of willful, reckless or actionable conduct under this statute.

13.     Prior to issuing the July 2, 2019 letters, Plaintiff never received any report or letter from the IRS Appeals Office requesting information that would "establish reasonable cause or show due diligence."

14.     This action is timely because it has been filed within the time period specified in I.R.C. § 6694(c)(2).

---

[1] The identifying information on each exhibit has been redacted.

15.     For reasons set forth in the Plaintiff's Claims and discussed above, the Plaintiff requests that this Court enter judgment against the Defendant and the Defendant refund the $3,000, plus statutory interest, and to provide any additional relief that the Court determines is appropriate.

Respectfully Submitted,

GEORGE W. CONNELLY
Texas State Bar No. 04683980
CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 654-9610
Facsimile: (713) 658-2553
E-Mail: George.Connelly@chamberlainlaw.com

COUNSEL FOR PLAINTIFF

Dated: January 22, 2020

3604396.v3

4